NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IMAGECUBE LLC,**
*Plaintiff-Appellant,*

v.

**THE BOEING COMPANY,**
*Defendant-Appellee,*

and

**MTS SYSTEMS CORPORATION
and AEROMET CORPORATION,**
*Defendants.*

---

2010-1265

---

Appeal from the United States District Court for the Northern District of Illinois in case no. 04-CV-7587, Judge Robert M. Dow, Jr.

---

**ON MOTION**

---

Before LOURIE, *Circuit Judge.*

**ORDER**

The Boeing Company moves to dismiss ImageCube LLC's appeal on the ground that the judgment was improperly certified by the United States District Court for the Northern District of Illinois pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. ImageCube opposes. Boeing replies.

Rule 54(b) provides "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

It is undisputed that the order granting the defendant's motion for partial summary judgment of noninfringement renders this case final as to Boeing. Therefore, the only issue here is whether there is any just reason for delay for not hearing this appeal. We review the district court's determination of whether there is "any just reason for delay," under the "abuse of discretion" standard. *See Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 9 (1980) ("It is left to the sound discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal.").

Here, we cannot agree with Boeing that the district court clearly abused its discretion. The district court determined that there was a strong likelihood that resolving these issues immediately would hasten the end of this case with regard to ImageCube's remaining claims. Boeing does not assert that the court's conclusions in this regard were clearly erroneous. Moreover, the district court's reasons are generally in line with those deemed acceptable by the Supreme Court in *Curtis-Wright,* 446

U.S. at 9, n.2 ("[I]f the district court concluded that there was a possibility that an appellate court would have to face the same issues on a subsequent appeal, this might perhaps be offset by a finding that an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims."). Because Boeing has not met its burden, we deny the motion to dismiss.

Accordingly,

IT IS ORDERED THAT:

The motion is denied.

FOR THE COURT

SEP 0 9 2010
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Joseph N. Hosteny, Esq.
     Allen E. Hoover, Esq.

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

SEP 0 9 2010

JAN HORBALY
CLERK